UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ROBERT J. LAW and EMILY N. LAW,      )
PERSONAL REPRESENTATIVES OF          )
THE ESTATE OF ROBERT W. LAW          )
     Plaintiffs,                     )
                                     )
     v.                              )   Case No. 3:19-cv-30110-KAR
                                     )
CARDIONET, LLC,                      )
     Defendant.                      )
```

MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO
AMEND THE COMPLAINT AND FOR REMAND TO STATE COURT
(Dkt. No. 32)

I.     Introduction

On or around June 11, 2019, plaintiffs Robert J. and Emily N. Law, co-personal representatives of the estate of Robert W. Law ("Plaintiffs"), filed suit in the Superior Court Department of the Massachusetts Trial Court, Berkshire County Division ("Berkshire Superior Court"), naming CardioNet, LLC ("CardioNet") as the sole defendant and asserting claims of negligence, wrongful death, and gross negligence (Dkt. No. 1-1 (Compl.) at ¶¶ 3, 8-10). Cardionet removed the case to this court based on diversity (Dkt. No. 1). The parties have consented to this court's jurisdiction (Dkt. No. 16). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Now before the court is Plaintiffs' motion for leave to file a first amended complaint, which would add Peter Liu, M.D. ("Dr. Liu"), as an additional defendant and assert claims against him of negligence, wrongful death, and gross negligence (Dkt. No. 32-1). Dr. Liu is a resident of Massachusetts. The parties agree that, if Plaintiff's motion to amend the complaint is granted, diversity will be destroyed, and the court will be required to remand the case to the Berkshire Superior Court. The court held a hearing on Plaintiff's motion on August 25, 2021

1

(Dkt. No. 42). For the reasons set forth below, Plaintiffs' motion for leave to amend their complaint will be granted and the court will order that the case be remanded to the Berkshire Superior Court.

    II.    <u>Relevant Background</u>

    A. Factual Allegations

The following facts are drawn from Plaintiffs' initial complaint. Plaintiffs allege that on or about April 1, 2018 and on other dates, CardioNet undertook to monitor the cardiac condition of Robert W. Law through a cardiac monitor which transmitted information about cardiac events experienced by Mr. Law to a monitoring center where CardioNet agents or employees could review those events and respond to them in real time (Compl. at ¶ 4). If a patient being monitored by CardioNet required urgent care as a result of a cardiac event, CardioNet agents or employees were responsible for contacting medical providers, the patient, or emergency services to ensure that the patient received treatment (Compl. at ¶ 4). According to Plaintiffs, Mr. Law experienced a serious cardiac condition on or about April 1, 2018. Information about the condition was transmitted to the CardioNet monitoring center (Compl. ¶ 5). Plaintiffs allege that CardioNet and its agents and employees were negligent or grossly negligent in their response to Mr. Law's medical emergency, causing his death (Compl. ¶ 5).

In the proposed amended complaint attached as Exhibit A to Plaintiffs' motion, Plaintiffs further allege that Mr. Law, who had a significant cardiac history and multiple signs of, and risk factors for, arrythmia, presented for care at Fairview Hospital in Great Barrington on March 30, 2018 after a loss of consciousness, vomiting, and fecal incontinence (Dkt. No. 32-1 at ¶ 6). According to Plaintiffs, Dr. Liu failed to notify or involve any cardiologist in Mr. Law's care and, despite authorization for a hospital stay of two nights, discharged Mr. Law after he had

spent less than twenty-four hours in the hospital (Dkt. No. 32-1 at ¶ 6).  When Dr. Liu discharged Mr. Law, he prescribed the CardioNet cardiac monitor, directing cardiac reports to an off-duty primary care physician instead of to a hospitalist or a cardiologist (Dkt. No. 32-1 at ¶ 6).  In Plaintiffs' reply memorandum in support of their motion to add Dr. Liu as a defendant, Plaintiffs allege that, less than sixteen hours after Mr. Law was discharged from the hospital, he suffered life threatening emergent heart arrythmias, recordings of which were sent to CardioNet via the cardiac monitor (Dkt. No. 38 at 2).  In alleged violation of CardioNet's protocols, CardioNet's agents or employees did not inform Mr. Law about the serious nature of his condition or facilitate immediate medical care.  Mr. Law died as a result of a heart arrythmia (Dkt. No. 38 at 5).

    B.  Procedural Background

Plaintiffs filed suit against CardioNet in the Berkshire Superior Court on or around July 23, 2019.  Counsel for CardioNet accepted service on July 24, 2019 (Dkt. No. 1-2 at 2).  CardioNet timely filed its notice of removal with this court on August 6, 2019, asserting diversity among the parties as a basis of this court's subject matter jurisdiction (Dkt. No. 1 at 1-2).[1]  On February 13, 2020, the court entered a scheduling order establishing deadlines for various pretrial events (Dkt. No. 15).  At the parties' joint request, in this era of COVID-19, those deadlines were extended several times (Dkt. Nos. 21, 25, 28).  In April 2021, according to Plaintiffs, the parties deposed Kyle Cooper, M.D., a Fairview Hospital cardiologist, and James Rintoul, the respiratory therapist who fitted Mr. Law with the CardioNet cardiac monitor.  On

---

[1] At the court's direction, CardioNet, a limited liability company, made a supplemental filing setting forth the facts required for purposes of determining CardioNet's citizenship and establishing a basis for diversity jurisdiction (Dkt. No. 16).  *See, e.g., Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).

May 3, 2021, the parties deposed Peter Liu, M.D., the hospitalist who admitted and discharged Mr. Law from Fairview Hospital on March 30-31, 2018 (Dkt. No. 33 at 3-4).

On June 22, 2021, some six to seven weeks after Dr. Liu's deposition, Plaintiffs filed their motion for leave to file a first amended complaint, asserting claims against Dr. Liu for negligence, wrongful death, and gross negligence (Dkt. No. 32-1 at ¶¶ 15-17). Dr. Liu resides in Massachusetts (Dkt. No. 32 at 2).

III.    Analysis

A.  Legal Standard

It is well-established that leave to amend a complaint should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). "In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" *United States ex rel. Hagerty v. Cyberonics, Inc.*, 146 F. Supp. 3d 337, 342 (D. Mass. 2015) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006)).

"A [federal district] court does not have the option to permit joinder of a nondiverse defendant and retain its jurisdiction over the case once diversity has been destroyed." *Kelley v. Vermont Mut. Ins. Co.*, 407 F. Supp. 2d 301, 305 (D. Mass. 2005). Accordingly, an extra step in the analysis is required when, as here, a plaintiff in a removed case seeks to amend a complaint to add a defendant whose presence in the case will destroy diversity. *See id.* (noting that, "where

4

joinder would destroy diversity and force a remand, a fact specific analysis must be undertaken").

> Although the First Circuit has not addressed the precise issue of Rule 15 amendments post-removal, both the Fourth and Fifth Circuits found that such joinder is to be determined by the "sound discretion" of the district court and does not require a strict Fed. R. Civ. P. 19(b) analysis for dispensability. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). In exercising its discretion under § 1447(e), the district court is entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*, 198 F.3d at 462.

*N.E. Bridge Contractors, Inc. v. Aspen Aerials, Inc.*, 363 F. Supp. 3d 217, 219 (D. Mass. 2019); *see also Croteau v. Mitek, Inc.*, Civil Action No. 19-cv-12171-ADB, 2020 WL 4673532, at *9 (D. Mass. Aug. 12, 2020) (same); *Kelley*, 407 F. Supp. 2d at 305-06) (noting that a court should consider: (1) any delay and the reasons for delay; (2) possible prejudice to the defendant; (3) the likelihood of parallel litigation; and (4) plaintiff's motivation) (citing *Soto v. Barnitt*, No. 00 Civ. 3453 DLC, 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000)). "'[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum.'" *Massaro v. Bard Access Sys., Inc.*, 209 F.R.D. 363, 367 (E.D. Pa. 2002) (quoting *Hensgens*, 833 F.2d at 1182). CardioNet opposes Plaintiff's motion on the grounds that Dr. Liu is not an essential party to this case, that the allegedly negligent acts of CardioNet and Dr. Liu occurred on different days and are unrelated, and that permitting the amendment and remanding the case to state court will cause undue delay in resolving the claims against CardioNet in a case in which discovery is, at the least, well advanced (Dkt. No. 35 at 1-2).

In considering whether to grant Plaintiff's motion, the court should consider "whether [Plaintiffs] ha[ve] diligently sought this amendment." *Kelley*, 407 F. Supp. 2d at 307-08; *see also Croteau*, 2020 WL 4673532, at *9.  Plaintiffs filed their motion shortly after taking Dr. Liu's deposition, an event which Plaintiffs represent established the basis required by Fed. R. Civ. P. Rule 11(b) for asserting claims against Dr. Liu (Dkt. No. 32 at 1).  Moreover, Plaintiffs filed their motion by the deadline for filing motions for leave to amend a pleading to add claims, defenses, or parties in the most recently revised scheduling order entered by the court (Dkt. No. 28).  The court credits CardioNet's contention that remand of this case to add medical malpractice claims against Dr. Liu will delay resolution of Plaintiffs' claims against CardioNet (Dkt. No. 35 at 2).  Nonetheless, according to Plaintiffs, when their motion was filed, substantial discovery remained to be completed and resolution of the case in this court was not likely to be imminent (Dkt. No. 38 at 2-3).  While this case is certainly not "in its infancy," *Croteau*, 2020 WL 4673532 at *9, the court does not find that Plaintiffs have been dilatory in filing their motion for leave to amend their complaint to add claims against Dr. Liu.

Nor has the court been presented with a basis for finding that Plaintiffs seek leave to amend their complaint for the purpose of destroying federal jurisdiction.  "In evaluating whether [Plaintiffs'] motivation in moving to amend is primarily to defeat federal jurisdiction, the Court may consider the extent to which such a motivation is evinced through the circumstances of the case." *Kelley*, 407 F. Supp. 2d at 306.  As is set forth above, Plaintiffs moved for leave to amend their complaint when they gained information through discovery that was sufficient to state a claim against Dr. Liu.  Their allegations supporting their claims against Dr. Liu appear far from frivolous.  *Cf. Croteau*, 2020 WL 4673532, at *9 (granting motion for leave to amend complaint and add a nondiverse defendant where, *inter alia*, the court had found that the new claims

6

plaintiff proposed to assert against the non-diverse individual were plausible). Plaintiffs have demonstrated their commitment to pursuing their claims against Dr. Liu by filing a separate protective suit in the Berkshire Superior Court in the event this court denies their motion for leave to amend their complaint in this proceeding. There is no basis in the record before the court on which to conclude that Plaintiffs are motivated by a desire to defeat diversity jurisdiction. *See Kelley*, 407 F. Supp. 2d at 307. Rather, as in the *Massaro* case, Plaintiffs seek "to avoid the burden of prosecuting two claims arising from the same set of facts in two separate forums, particularly in light of the fact that each defendant, in separate forums, will likely point to the proverbial empty chair of the other defendant as the more culpable party." *Massaro*, 209 F.R.D. at 369. In the court's view, Plaintiffs would be hampered in presenting their case if the amendment to their pending complaint is not allowed. *See id.* (the court allowed joinder and ordered remand to "guard against inconsistent results"). Indeed, many medical malpractice cases involve claims against multiple health care providers or related parties whose actions are alleged to have contributed to the injuries suffered by a patient.

Finally, the court is not persuaded by CardioNet's contention that Plaintiffs' claims against Dr. Liu do not arise from the same transaction, occurrence, or series of transactions as do their claims against CardioNet (Dkt. No. 35 at 2). Fed. R. Civ. P. 20(a)(2) provides that persons may be joined as defendants when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The test for joining claims against different defendants requires a "'logical relationship" between the claims against all defendants. "The Supreme Court has stated that under the Federal Rules of Civil Procedure, 'the impulse is toward entertaining the

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.*

      Notwithstanding CardioNet's protestations, there is a very substantial evidentiary overlap in facts giving rise to Plaintiffs' claims against CardioNet and Dr. Liu. All of the claims arise from the series of events that occurred during the two or three days when, Plaintiffs allege, negligence or gross negligence by Dr. Liu and by CardioNet, through its agents or employees, combined to deny Mr. Law the medical care he needed. If Dr. Liu is not joined to this action, there would potentially be two trials, one in federal court against CardioNet and one in state court against Dr. Liu, both addressing the medical care Mr. Law received in this very short time span. There would be an overlap of witnesses in the cases addressing common questions of fact, including, at least, Mr. Law's medical condition leading up to his hospitalization, Dr. Liu's decision to discharge Mr. Law from Fairview Hospital in reliance, at least in part, on the CardioNet cardiac monitor, CardioNet's response to notice of the cardiac events that led to Mr. Law's death, and damages. The claims against Dr. Liu and CardioNet arise out of the same series of occurrences and, in fairness to witnesses, who would otherwise be required to testify at two trials, and to Plaintiffs, should be tried together. For these reasons, Plaintiffs' Motion for leave to amend will be granted.

      Because Dr. Liu is a Massachusetts resident, his addition as a defendant in this removed matter defeats diversity and requires remand of the case to the Berkshire Superior Court. *See Coughlin v. 750 Woburn St. Operating Co., LLC*, Civil Action No. 19-10330-FDS, 2019 WL

2912763, at *7 (D. Mass. July 8, 2019) (directing remand because the court no longer had subject matter jurisdiction after the addition of a nondiverse defendant in a case involving only state law claims).

IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion to amend the complaint and remand this action to the Berkshire Superior Court is GRANTED. Following remand, the case will be closed on the court's docket.

It is so ordered.

Dated: December 6, 2021                                  /s/ Katherine A. Robertson
                                                                                    KATHERINE A. ROBERTSON
                                                                                    UNITED STATES MAGISTRATE JUDGE